UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARIANO MEDRANO-ARZATE, | ) | CASE NO. 4:09 CV2513 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| R. RUSHING, | ) | |
| | ) | |
| Respondent. | ) | |

      Before the Court is *pro se* petitioner Mariano Medrano-Arzate's habeas petition filed pursuant to 28 U.S.C. § 2241. Mr. Medrano-Arzate, who is currently in prison at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, names N.E.O.C.C. Warden Roddy Rushing as respondent. Claiming his sentence expired on or about May 2008, petitioner seeks immediate release.

## *Background*

      Mr. Medrano-Arzate was arrested on December 31, 2004 by a Okeechobee County Florida Sheriff's Deputy. The arrest resulted from a fugitive warrant issued by the State of North Carolina, where Mr. Medrano-Arzate was indicted in 1999 for trafficking in cocaine. *See North Carolina v. Medrano-Arzate*, No. 99CRS021176. While in State custody, a criminal complaint was filed against Mr. Medrano-Arzate in the United States District Court for the Southern District of

Florida. *See United States v. Medrano-Azarte*, No. 2:05cr14005-001 (S.D. Fl. filed Jan. 4, 2005). The federal court issued a *writ of habeas corpus ad prosequendum* on January 7, 2005 summoning petitioner for an initial appearance before the United States District Court for Southern District of Florida. The complaint charged petitioner with conspiracy to possess with intent to distribute 50 kilograms or more of marijuana.

Mr. Medrano-Arzate subsequently pleaded guilty to violating 21 U.S.C. § 846. The court sentenced him on May 25, 2005 to serve 48 months in prison, followed by three years of supervised release. Petitioner claims he was sent to the Federal Correctional Center in Yazoo City, Mississippi "for around 4 months (June-October/2005)." (Pet.at 2.)

A copy of a Judgment and Commitment issued by the State of North Carolina indicates petitioner was sentenced on January 4, 2006 to serve a minimum 35 and maximum 42 months in prison for trafficking in cocaine. *See North Carolina v. Medrano-Arzate*, No. 99CRS021176. The state court ordered his sentence to run concurrent with the "sentence defendant is now serving in federal prison." *Id.* (J&C of 1/4/06, at 2.) Mr. Medrano-Arzate was then sent to a state prison in North Carolina, where he served a 36 months state sentence. On January 19, 2009, petitioner was released by the state prison and transferred to N.E.O.C.C. in Youngstown, Ohio.

During a unit team interview at N.E.O.C.C. on April 28, 2009, petitioner learned his projected release date was July 14, 2012. Moreover, the "full term of my federal sentence is January 18, 2013; and . . . my total prior credit is cero [sic]." (Pet. at 3.) He claims these dates are completely erroneous because they fail to consider time he already spent in federal prison.

On August 25, 2009, Mr. Medrano-Arzate filed an Informal Resolution form at N.E.O.C.C. complaining his sentence was erroneously calculated. A staff member responded:

> You were arrested 12-31-2004 by Okeechobee Co. Florida Sheriff's deputies on a warrant out of North Carolina. On 01-13-2005 you were received in federal custody on a federal wait and sentenced 05-25-05 to 48 months and on 10-14-05 returned to Okeech Co. Jail. You then remained in state custody until released from your state sentence 01-19-2009. The federal court has been contacted in regards to running your federal sentence concurrent to your state sentence.

(Pet.'s Ex. 4, N.E.O.C.C. Inf. Res.) Petitioner filed a formal grievance, dated September 15, 2009, wherein he claimed federal and state regulations were being violated by his continued incarceration. (Pet.'s Ex. 5.) Arguing his federal sentence expired May 2008, petitioner sought immediate release. Prison staff annotated the grievance with a response dated October 9, 2009. Again, Mr. Medrano-Arzate was assured the federal court had been contacted regarding whether his federal sentence should have run concurrent to his state sentence. Before a response was received from the sentencing court, this petition was filed.

### *Standard of Review*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" 28 U.S.C. § 2243 (emphasis added). Based on an initial review of the petition, petitioner is not entitled to an award of the writ.

### *Exhaustion*

A federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). While it is clear Mr. Medrano-Arzate initiated the exhaustion process, he prematurely resorted to

the intervention of this court. Under the general doctrine of exhaustion of administrative remedies, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). As the Sixth Circuit has noted, however, "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (quoting *Taylor v. United States*, No. 95-5150,1995 WL 460512 (6th Cir. Aug. 2, 1995)). In this case, the BOP has twice advised Mr. Medrano-Arzate that it is seeking input from the federal court which sentenced him. If that issue is still pending with District Court of Florida, it would not be appropriate for this court to intervene and address the issue before the sentence court has the opportunity to respond.[1]

### *Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. §2243 for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/26/10

---

[1] The BOP website reveals a "07-26-2011" release date for petitioner, who is still incarcerated at N.E.O.C.C. *See* http://www.bop.gov/iloc2/LocateInmate.jsp. As this release date is earlier than the date noted in the petition before this court, a resolution may have already been reached with the District Court of Florida.